UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA D. AL-ZAGHARI, et al., | No. 2:24-cv-00283-TLN-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER & FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiffs are proceeding in this action pro se. On May 24, 2024, Plaintiffs filed a motion for preliminary injunction. (ECF No. 13.) Upon review of the First Amended Complaint ("FAC"), the Court concludes *sua sponte* that it lacks subject matter jurisdiction to hear this case and recommends that it be dismissed without leave to amend. Accordingly, the Court further recommends the motion for preliminary injunction be denied as moot.

I. FACTUAL AND PROCEDURAL BACKGROUND

A. Plaintiffs' First Amended Complaint

Plaintiffs proceed on their First Amended Complaint ("FAC") against Defendants Governor Gavin Newsom, Judge Susan Jakubowski, David Chernis, John Nibbelin, Mara Feiger, Louise Rogers, Vanessa Osuna, Davis Guest Home, Lonny Davis, and Rex Adamson, M.D. ("Defendants"). (ECF No. 12.) Plaintiffs allege the following causes of action: (1) violation of the Racketeer Influences and Corrupt Organization Act ("RICO"); (2) Conspiracy to Defraud the

1

1  United States in violation of 18 U.S.C. § 371; (3) Conspiracy to Injure in violation of 18 U.S.C. §
2  241; and (4) a civil rights violation pursuant to 42 U.S.C. § 1983. (*Id.* at 9-12.)
3         Plaintiff Eva Al-Zaghari is the daughter of Plaintiff Shirley V. Remmert. (*Id*. at 2.)
4  Plaintiffs allege Al-Zaghari has been falsely imprisoned by way of a state court conservatorship
5  and subjected to forced drug treatment. (*Id*.) Plaintiffs allege that during a home invasion in 1990,
6  Al-Zaghari was "drugged," "gang-raped by lesbians using metal objects. Medical persons
7  extracted [her] egg. For [the assailant's] entertainment, a drug put [Al-Zaghari] at the brink of
8  death. [Al-Zaghari] was resuscitated only to have them repeat the stunt. They fitted [Al-Zaghari]
9  with a device, so that [she] could see people in tunnels beneath the city. By wearing what [Al-
10 Zaghari] later learned were virtual-reality glasses, [she] experienced being in a fire. One of the
11 American assailants told [Al-Zaghari] 'Jews set up the home invasion.' The motive for the home
12 invasion was to undermine and demoralize [Al-Zaghari's] family for the eventual taking of [their]
13 business and property." (*Id*. at 3.) Plaintiffs allege Al-Zaghari was "kidnapped and falsely
14 diagnosed [] with schizophrenia" two weeks after the 1990 home invasion and in 2005
15 "railroaded into" a court-ordered conservatorship. (*Id*. at 4.) Plaintiffs further allege that since
16 2007, Al-Zaghari has been assigned to live in Davis Guest Home where she has been "drugged
17 three times a day, every day" and has been "punished with drugs" that make her "ill." (*Id*.)
18 Plaintiffs further allege the state court conservatorship of Al-Zaghari is fraudulent and instead of
19 being released from the conservatorship on August 10, 2023, the conservatorship was re-
20 established on August 30, 2023, through fraudulent means and without Plaintiffs' knowledge. (*Id*.
21 at 4-5.) Plaintiffs allege Al-Zaghari continues to be drugged as punishment due to their appeals to
22 terminate Al-Zaghari's conservatorship. (*Id*. at 8.)
23        As relief, Plaintiffs request Al-Zaghari "freedom from the conservatorship" and that the
24 August 30, 2023, state court order reestablishing Al-Zaghari's conservatorship be "voided or
25 vacated." (*Id.* at 12.)
26        B.  Plaintiffs' Prior Litigation History
27        Plaintiffs are listed on the California Vexatious Litigant List. *See* Vexatious Litigant List,
28 available at http://www.courts.ca.gov/documents/vexlit.pdf. Former Chief Judge Marilyn Patel of

the Northern District of California also declared Plaintiff Remmert a vexatious litigant. *See e.g., Remmert v. Stauffer*, No. 19-CV-05803-HSG, 2019 WL 5963242, at *2 (N.D. Cal. Nov. 13, 2019). The actions Plaintiffs filed in the Northern District of California mirror the allegations in the FAC. *See Al-Zaghari, et al. v. Al-Zaghari, et al.*, Case No. C 01-2870 MHP, Dkt. No. 8 (Order, Aug. 15, 2001); *Remmert v. San Mateo Cty. Sup. Ct., et al.*, Case No. C 07-80085 WHA, Dkt. No. 1 (Order, Apr. 4, 2007); *Remmert v. United States*, 670 Fed Appx. 584 (9th Cir. 2016) (affirming the district court's order denying Remmert's leave to file complaint pursuant to the vexatious litigant order); *Remmert v. United States*, No. 22-MC-80103-JSC, 2022 WL 1304473, at *1 (N.D. Cal. May 2, 2022), appeal dismissed, No. 22-15897, 2022 WL 17586549 (9th Cir. Oct. 19, 2022).

## II. ANALYSIS

### A. *Sua Sponte* Dismissal for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction; a federal court generally has jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). Absence of subject matter jurisdiction requires a federal court to dismiss a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case"). Therefore, "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### B. The *Rooker-Feldman* Doctrine Bars this Case

Federal district courts do not have appellate jurisdiction over state courts. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Federal courts lack jurisdiction to exercise appellate review

3

over final state court judgments. *Id*.; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). The *Rooker-Feldman* doctrine prevents "a party losing in state court ... from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009) (citation omitted). The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (quoting *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983)).

      Plaintiffs' FAC clearly seeks to contest the state court judgment regarding Al-Zaghari's conservatorship. This amounts to a de facto appeal of the state court judgment. *See Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012) ("To determine whether an action functions as a de facto appeal, we pay close attention to the relief sought by the federal-court plaintiff."). Here, Plaintiffs seek to have the August 30, 2023, state court order reestablishing Al-Zaghari's conservatorship "voided or vacated." (ECF No. 12 at 12.) Plaintiff's action consequently constitutes a de facto appeal, and the court lacks subject matter jurisdiction to hear the case. Moreover, Plaintiffs allegations that she was "drugged and could not concentrate" during the hearing, the non-appearance of a representative from the Public Guardian's office, and failure to receive a copy of "the moving papers for the hearing" does not raise an issue of extrinsic fraud that would avoid the *Rooker-Feldman* bar. (*Id*. at 7-8.) "Extrinsic fraud is conduct which prevents a party from presenting [her] claim in court." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)). The extrinsic fraud exception applies to frauds on the court, not frauds by a court. *Id*. at 359 F.3d at 1140–41. Accordingly, Plaintiffs' action, on its face, clearly constitute a "forbidden de facto appeal" and the Court lacks subject matter jurisdiction to consider it. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003).

      C.  <u>Plaintiffs' FAC Allegations are Frivolous and No Leave to Amend is Appropriate</u>

      Plaintiffs' FAC is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The court may ... dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or

where the factual contentions are clearly baseless." Here, Plaintiffs' allegations are delusional and do not present facts or coherent theories of liability establishing a claim for relief. Plaintiffs allege that Al-Zaghari has been falsely diagnosed with schizophrenia, fraudulently placed in a conservatorship in order to deprive her family of their property, and forcibly drugged as punishment due to her appeals to terminate her conservatorship. (*See generally* ECF No. 12.) Plaintiffs' allegations are not related to the alleged causes of action and are based on speculation. Plaintiffs' FAC should therefore be dismissed. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' " (internal citations omitted)). Additionally, given the nature of Plaintiffs' allegations, the FAC should be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Accordingly, leave to amend would therefore be futile. "A district court may deny leave to amend when amendment would be futile." *Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013).

   D. <u>Vexatious Litigant in the Northern District of California</u>

   Furthermore, Plaintiffs' allegations mirror those for which Remmert has been declared a vexatious litigant in the Northern District of California by former Chief Judge Marilyn Patel. *See e.g. Remmert v. Stauffer*, No. 19-CV-05803-HSG, 2019 WL 5963242, at *2 (N.D. Cal. Nov. 13, 2019). The order bars Remmert from filing any complaints, pleadings, or other papers without a prefiling order of the court regarding inter alia Al-Zaghari's conservatorship, the restraining order barring Remmert from contacting Al-Zaghari, or the state court proceedings related to these issues. *Id.*; *See also, Al-Zaghari, et al. v. Al-Zaghari, et al.*, Case No. C 01-2870 MHP, Dkt. No. 8 (Order, Aug. 15, 2001); *Remmert v. San Mateo Cty. Sup. Ct., et al.*, Case No. C 07-80085 WHA, Dkt. No. 1 (Order, Apr. 4, 2007); *Remmert v. United States*, 670 Fed Appx. 584 (9th Cir. 2016) (affirming the district court's order denying plaintiff leave to file complaint pursuant to vexatious litigant order). Based on the vexatious litigant order, the Northern District of California dismissed

multiple different complaints filed by Remmert alleging similar facts as those alleged in the pending FAC. Specifically, in May 2022, the Northern District of California dismissed Remmert's complaint seeking to plead Civil RICO and 42 U.S.C § 1983 claims and alleging conspiracies against Remmert and Al-Zaghari for falling "squarely within Judge Patel's 2011 vexatious litigant order." *Remmert v. United States*, No. 22-MC-80103-JSC, 2022 WL 1304473, at *1 (N.D. Cal. May 2, 2022), appeal dismissed, No. 22-15897, 2022 WL 17586549 (9th Cir. Oct. 19, 2022).

### E. Motion for Preliminary Injunction

Due to the Court's recommendation that the FAC be dismissed for lack of subject matter jurisdiction, the Court also recommends denying Plaintiffs' motion for preliminary injunction as moot. *See Mester v. Martel*, No. 2:17-cv-1712-KJM-AC, 2018 WL 1567833, at *4 (E.D. Cal. Mar. 30, 2018) (Motion for preliminary injunction denied as moot due to dismissal of complaint and therefore no current claims pending before the Court.).

### III. CONCLUSION

In light of the above, it is hereby ORDERED that Plaintiffs' request for the U.S. Marshal's office to serve summons and complaint to defendants (ECF No. 10) is DENIED as moot.

Further, it is hereby RECOMMENDED that:

1. Plaintiffs' First Amended Complaint be DISMISSED for lack of subject matter jurisdiction without leave to amend; and

2. Plaintiffs' motion for preliminary injunction (ECF No. 13) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

/////

/////

/////

/////

"Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 3, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4, alza0283.24